**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABRAHAM GBARBA DULUE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:25-cv-388 |
| | ) | |
| v. | ) | Judge Stephanie L. Haines |
| | ) | Magistrate Judge Patricia L. Dodge |
| WARDEN OF THE MOSHANNON | ) | |
| VALLEY PROCESSING CENTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.     Recommendation**

It is respectfully recommended that the Petition for a Writ of Habeas Corpus (ECF No. 1) filed by Abraham Gbarba Dulue ("Petitioner") pursuant to 28 U.S.C. § 2241 be granted.

**II.    Report**

**A.     Background**

Petitioner is a citizen of Ivory Coast. He entered the United States in 2004 as a refugee and adjusted to lawful permanent resident status in 2010.

On August 9, 2023, at the end of his term in federal prison for a 2023 conviction in the United States District Court for the Southern District of Iowa for possession of a firearm by an unlawful user or addict of a controlled substance, Petitioner was served with a Notice to Appear in removal proceedings and was placed in the custody of the United States Department of Homeland Security ("DHS"). In the Notice to Appear, DHS alleged that Petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction for an aggravated felony. He was detained pursuant to 8 U.S.C. § 1226(c)(1)(B).

Petitioner had an initial hearing before an Immigration Judge ("IJ") on August 24, 2023, and a final hearing on January 2, 2024. At that time, the IJ entered an order of removal. Petitioner appealed to the Board of Immigration Appeals ("BIA"). The BIA remanded the case to the IJ. On August 8, 2025, the IJ again entered an order of removal. Petitioner's appeal to the BIA is pending.

Petitioner filed the instant petition on October 30, 2025. (ECF No. 1.) At that time, he was detained at the Moshannon Valley Processing Center but has since been moved to the Miami Correctional Center in Indiana. Respondents filed an Answer on December 9, 2025. (ECF No. 6.) Petitioner filed a Reply on January 21, 2026. (ECF No. 9.)

### B.    Legal Standard

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See*, *e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). The general habeas statute at 28 U.S.C. § 2241 confers jurisdiction on this Court to hear both statutory and constitutional challenges to Petitioner's detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

### C.    Discussion

In his petition, Petitioner asserts that his due process rights under the Fifth Amendment have been violated by his prolonged detention without a hearing. This claim is governed by the framework set forth by the United States Court of Appeals for the Third Circuit in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020).

*German Santos* involved a noncitizen detained by ICE pursuant to 8 U.S.C. § 1226(c). That statute requires the government to detain noncitizens convicted of certain crimes while they await decisions in their removal proceedings. Before *German Santos*, the Third Circuit had already held "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the

2

Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011) (continued detention under § 1226(c) is unconstitutional when it extends beyond a "reasonable" period); *see also Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474-75 (3d Cir. 2015) (elaborating on the factors to consider in evaluating prolonged detention claims). In *Diop*, the Third Circuit reasoned that the constitutionality of mandatory detention "is a function of the length of the detention." 656 F.3d at 232. Accordingly, the court explained, it becomes unconstitutional when detention continues for "an unreasonable length of time *without further individualized inquiry into whether detention is necessary to carry out the purposes of the statute.*" *Id.* at 233 n. 11 (emphasis added); *see also Chavez-Alvarez*, 783 F.3d at 475.

After explaining that "our constitutional analysis in *Diop* and *Chavez-Alvarez* are still good law[,]" 965 F.3d at 210,[1] the Third Circuit in *German Santos* established a four-factor, non-exhaustive, case-by-case balancing test to adjudicate as-applied challenges for noncitizens asserting that their detention without a bond hearing has become unconstitutionally prolonged. *Id.* at 212-13. The court emphasized that "[r]easonableness is a 'highly fact-specific' inquiry." *Id.* at 210 (quoting *Chavez-Alvarez*, 783 F.3d at 474).

---

[1] In *German Santos*, the Third Circuit explained that the Supreme Court's 2018 decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) abrogated only that part of *Diop* and *Chavez-Alvarez* in which the Third Circuit had applied the canon of constitutional avoidance and ruled on what it found to be § 1226(c)'s statutory requirements. *German Santos*, 965 F.3d at 208. The Third Circuit explained in *German Santos* that *Jennings* "left the framework for as-applied constitutional challenges intact." *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long.") Thus, in *German Santos*, the Third Circuit reiterated that a noncitizen detained pursuant to § 1226(c) may file a habeas petition bringing an as-applied due process challenge to his or her "unreasonable" continued detention without a bond hearing. 965 F.3d at 208-11.

The first and "most important" factor for the habeas court to consider is the "duration of detention." *Id.* at 211. Although in *German Santos* the court refused to adopt a presumption of reasonableness of any specific duration, it recognized that the petitioner's two-and-a-half-year detention was "five times longer than the six months that [the Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003)] upheld as only 'somewhat longer than average.'"[2] *Id.* at 211, 212. Here, Petitioner has been detained since August 9, 2023, *i.e.*, approximately two and a half years. As Respondents concede (ECF No. 6 at 12), the length of Petitioner's detention without a bond hearing weighs strongly in his favor.

The second factor the habeas court must consider is "whether the detention is likely to continue." *Id.* at 211. When a noncitizen's removal proceedings "are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Id.* This factor weighs in Petitioner's favor too. His appeal is pending before the BIA; the briefs in that proceeding are not due until February 20, 2026. Neither this Court nor the parties can predict when the BIA will decide the appeal. Thus, Petitioner has shown that his detention is likely to continue for some time.

The third factor the habeas court must consider is "the reasons for the delay such as a detainee's request for continuances." *German Santos*, 965 F.3d at 211. In this analysis, the Court "ask[s] whether either party made careless or bad-faith 'errors in the proceedings that causes unnecessary delay.'" *Id.* (quoting *Diop*, 656 F.3d at 234). Courts are not to "hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings" because "[d]oing so, and counting this extra time as reasonable, would

---

[2] In *Demore,* the Supreme Court rejected a facial challenge to § 1226(c) based on the government's representation that detention under that statute typically only lasts between one-and-a-half and five months. 538 U.S. at 529-30.

effectively punish [him] for pursuing applicable legal remedies." *German Santos*, 965 F.3d at 211 (citations and internal quotation marks omitted). Respondents argue that Petitioner has requested continuances that account for 5 months of delay. (ECF No. 6 at 14-15.) This argument is based, in part, on Petitioner's utilization of much of the relevant appeal periods before filing appeals to the BIA. These "delays" were not continuances. Petitioner concedes that he utilized a period of 32 days to obtain counsel following his initial hearing and received a 22-day extension for filing his BIA brief. (ECF No. 9 at 6-7.) These minimal delays in a case of this length are not substantial. This factor does not favor either side.

The fourth and final factor the habeas court considers is "whether the alien's conditions of confinement are meaningfully different from criminal punishment." *Id.* As set forth above, Petitioner is now, and has been since November 1, 2025, at the Miami Correctional Facility in Indiana. Petitioner asserts that conditions there are substantially similar to criminal detention and are significantly worse that those at Moshannon. (ECF No. 9. At 8.) He asserts that detainees "are held in prison settings, wear prison garb, follow strict prison schedules for all activities, and communication is limited to services of expensive, for-profit providers." (*Id.* at 9.) He finally asserts that relocation across multiple states interferes with family and attorney visits. (*Id.*) Respondents have not disputed these reports. Thus, this factor also weighs in Petitioner's favor.

Accordingly, Petitioner has shown that, when the Court weighs the relevant factors set forth in *German Santos*, his detention has become unreasonable and that his continued detention without a bond hearing violates his due process rights.

**D.**     **Conclusion**

For these reasons, it is respectfully recommended that the petition be granted to the extent that Respondents shall arrange for Petitioner to have a bond hearing before an immigration judge within 30 days.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within fourteen (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: February 9, 2026                                    /s/ Patricia L. Dodge
                                                           PATRICIA L. DODGE
                                                           UNITED STATES MAGISTRATE JUDGE