IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM GBARBA DULUE., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>WARDEN MOSHANNON VALLEY )<br>PROCESSING CENTER *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 3:25-cv-388<br>Judge Stephanie L. Haines<br>Magistrate Judge Patricia L. Dodge |

## MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner proceeding under Abraham Gbarba Dulue. ("Petitioner") (ECF No. 1). At the time Petitioner filed the Petition he was housed at Moshannon Valley Processing Center ("MVPC"). He currently is detained at the Miami Correctional Facility in Indiana. He challenges the legal authority under which he is held in custody by the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security ("DHS"). More specifically, Petitioner asserts that his due process rights under the Fifth Amendment have been violated by his prolonged detention without a bond hearing. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On February 9, 2026, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 12) recommending that the Petition (ECF No. 1) be granted to the extent that Respondents shall arrange for Petitioner to have a bond hearing before an immigration judge within 30 days of the Court ruling. The Parties were advised they could file objections to the Report and Recommendation within 14 days of its filing. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local

1

Civil Rule 72.D.2. On February 23, 2026, Objections were timely filed by the Government (ECF No. 13). After *de novo* review of the pleadings the Court finds that Petitioner is entitled to a bond hearing before an immigration judge.

Judge Dodge, in her Report and Recommendation, evaluated Petitioner's case under the four factors set out in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020),[1] and found that the balance of the factors weighed in favor of a bond hearing for Petitioner. Judge Dodge noted that Petitioner has been in ICE custody two-and-a-half years and found that his detention was presumptively unreasonable under precedential case law. Judge Dodge also found that detention was likely to continue given Petitioner's pending appeal with the Bureau of Immigration Appeals, and that Petitioner is being treated as a prisoner would be treated. Given these findings, she determined that the weight of the *German Santos* factors demonstrates that Petitioner's detention has become unreasonable and that his continued detention without a bond hearing is a violation of his due process rights. ECF No. 12, pp. 4-5.

Respondents' Objections (ECF No. 13) likewise cited to the *German Santos* factors. Respondents concede that the duration of Petitioner's detainment is unreasonable. However, they argue that the weight of the other factors that Judge Dodge cites do not favor Petitioner. First, Respondents state that Petitioner's appeal briefing is complete and those proceedings have a finite determination point. ECF No. 13, p. 4. Therefore, they state, that the Magistrate Judge's finding that the likelihood of continued detention weighs in Petitioner's favor is erroneous. Given the arguments of both sides, this Court finds this factor neutral. It cannot be known how long Petitioner's appeal will remain pending.

---

[1] *German Santos* involved a non-citizen detained by ICE pursuant to 8 U.S.C. § 1226(c) because he had a criminal history. Petitioner is an individual with the same standing.

Respondents also argue that Petitioner is the cause of his own delayed detention. ECF No. 13, p. 5. Respondents cite to an upward amount of 4 months delay caused by Petitioner's own appeals. ECF No. 13, p. 5. Judge Dodge acknowledged that Petitioner's appeals did cause for delay but found that the delay was short in duration, especially given the unusually long detention Petitioner has endured. ECF No. 12, pp.4-5. This Court agrees with the Magistrate Judge that this factor does not weigh in favor of either party.

As to the last factor, Respondents argue that Judge Dodge relied on unsubstantiated claims that Petitioner is suffering in a penal atmosphere because he asserts that he must wear prison garb, follow strict prison schedules for all activities, and where communication is limited. ECF No. 12, p. 5. Respondents state that Petitioner's claims do not amount to a prison-like confinement and that the conditions described are the same at all detention facilities where the Court has rejected this argument. ECF No. 13, p. 7. Respondents argument is valid. It is difficult for the Court to make a final determination on this fourth factor as Petitioner is the only one who can verify his own claim that he is being treated like a prisoner and we do not have that information verified on the record. We must determine this factor neutral.

Given the full evaluation of the factors here, it is this Court's finding that Petitioner is entitled to a bond hearing under due process of law. This Court notes that the United States Supreme Court provided a presumptively reasonable period of six months detention while a Petitioner awaits removal. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This presumptively reasonable time-period of six months has been translated to *German Santos* cases. Detention exceeding six months is subject to the courts consideration as being unreasonable. The Parties have agreed that a two-and-a-half-year detention without a bond hearing is unreasonable, daresay egregiously unreasonable. It has also been stated that the duration of detention is the "most

3

important" factor. *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020). Given the tremendous amount of time Petitioner has spend in detention without a bond hearing and given the little to no weight the other factors have in this case, this Court finds that Petitioner is entitled to a bond hearing.

Upon review of the record and the Report and Recommendation (ECF No. 12) pursuant to Local Civil Rule 72.D.2, the Court will accept the recommendation of Magistrate Judge Dodge, as indicated. Judge Dodge correctly determined that Petitioner is entitled to a bond hearing in consideration of the *German Santos* factors.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 26th day of February, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED insofar as it seeks a substantive bond hearing before an immigration judge; and,

IT IS FURTHER ORDERED that the Government's Objections (ECF No. 13) hereby are overruled; and

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 12) is adopted, as indicated, as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Government shall arrange for an individualized bond hearing to be conducted by an immigration judge by March 26, 2026. If Petitioner is not provided with a bond hearing by March 26, 2026, Respondents shall immediately release Petitioner from custody. The parties shall provide notice to the Court of the outcome of the individualized bond hearing within seven days of the date of the immigration judge's decision.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge